## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LET THIS BE FILED**

|   |   |
|---|---|
| **IN RE THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT THE PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. § 2703 FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. §§ 111(a)(1), (2)** | No. 21-sc-1386 (GMH)<br><br>**UNDER SEAL** |

### FACEBOOK'S OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL COMPLIANCE WITH SEARCH WARRANT (Doc. No. 3)

Pursuant to this Court's order issued on May 27, 2021, Facebook hereby submits this opposition to the Government's Motion to Compel Compliance with Search Warrant. Facebook should not be forced to comply with the government's search warrant until after a court has resolved the account owner's pending challenge to the warrant. To hold otherwise would render the account owner's challenge moot by requiring Facebook to disclose the contents of the Instagram account to the government prior to judicial review of the defendant's legal challenge to the warrant. Nothing in Rule 41, nor the case law cited by the government, requires such a perverse result.

### BACKGROUND

As the Court is aware, on April 29, 2021, the government served a search warrant on Facebook seeking to obtain information and content related to the Instagram account "bugziethedon." Pursuant to its user policy, Facebook notified the account owner of the search warrant for his account. On May 14, 2021, the account owner filed a motion to quash the search warrant before the Honorable Paul L. Friedman. That motion is still pending. Facebook notified the government that it would not move forward with processing the warrant until "the Court has

denied this Motion to Quash and found your legal process, in its current form, [to be] valid." In response, the government filed this instant Motion to Compel Compliance with Search Warrant directed at Facebook.

## ARGUMENT

Facebook is committed to complying with all valid legal process. However, when the validity of the legal process is called into question, Facebook should not be forced to undermine account owners and the court's authority by preemptively disclosing the very information that the account owner went to court to protect. To be clear, Facebook is not itself challenging the validity of the government's search warrant here. Instead, Facebook will comply with the search warrant assuming a court denies the account owner's legal challenge. But, contrary to the government's invitation, Facebook will not engage in speculation as to the outcome of that legal challenge and move forward with processing the warrant absent a court ruling. In limited circumstances, courts have exercised their discretion to allow account users to intervene pre-execution to challenge search warrants. *See, e.g.*, *In re Search of Elec. Commc's in the Account of chakafattah@gmail.com at Internet Serv. Provider Google Inc.,* 802 F.3d 516, 529-30 (3d Cir. 2015) (allowing pre-execution challenge by email account holder based on privilege grounds); *In re Search of Information Associated with Facebook Accounts DisruptJ20, Lacymacauley, and Legba.Carrefour that is Stored at Premises Controlled by Facebook, Inc.*, No. 17 CSW 658, 2017 WL 5502809, at *9-10 (D.C. Super. Nov. 09, 2017) (denying request for intervention by Facebook account holders to challenge search warrants directed at their accounts but noting that courts permit intervention in certain limited circumstances "to provide an opportunity for the affected individual to be heard" and have "discretion to determine whether movants should be entitled the opportunity to review the government's supporting [a]ffidavits and to challenge disclosure of their information

before the [w]arrants are executed"). Accordingly, Facebook does not presume to know how a court will rule on the account owner's legal challenge to the warrant. But, once a court addresses that challenge, Facebook will comply with the outcome of those legal proceedings.

## CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court deny the government's Motion to Compel Compliance with Search Warrant.


Respectfully submitted,


*Ronald C. Machen*
Ronald C. Machen
District of Columbia Bar No. 447889
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

George P. Varghese
(*pro hac vice* forthcoming)
Pennsylvania Bar No. 94329
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I served Assistant U.S. Attorney Michael C. Liebman this Opposition to Government's Motion to Compel Compliance with Search Warrant by electronic mail.

Date: June 1, 2021                                                     Respectfully submitted,

*Ronald C. Machen*
Ronald C. Machen
District of Columbia Bar No. 447889
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT THE PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. § 2703 FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. §§ 111(a)(1), (2)** | No. 21-sc-1386 (GMH)<br><br>UNDER SEAL |

## PROPOSED ORDER

Before the Court is the Government's Motion to Compel Compliance with Search Warrant, and Facebook Inc.'s Opposition thereto. It is hereby **ORDERED** that the Government's Motion to Compel Compliance with Search Warrant is **DENIED.**

**SO ORDERED**.

date: _____      _____

G. Michael Harvey, U.S. Magistrate Judge